Dear Representative Smith:
This office is in receipt of your request for an opinion of the Attorney General in regard to the distribution of medication by licensed practical nurses to patients in assisted living facilities. A licensed practical nurse owns an assisted living facility for adults, but the Department of Social Services maintains he cannot pass medications to the patients, and you question if this prohibition is correct.
As observed by this office in Atty. Gen. Op. 85-397 a licensed practical nurse is in a limited medical position in that the scope of services performed are dictated by R.S. 37:961(2). We find that statute to provide as follows:
 The "practice of practical nursing" means the performance for compensation of any acts, not requiring the education, training, and preparations required in professional nursing, in the care, treatment, or observation of the ill, injured, or infirm and for the maintenance of the health of others and the promotion of health care, including the administration of medications and treatments or in on-job training or supervising licensed practical nurses, subordinate personnel, or instructing patients consistent with the licensed practical nurse's education and preparation, under the direction of a licensed physician, optometrist, or dentist acting individually or in his capacity as a member of the medical staff, or registered nurse. The licensed practical nurse may perform any of the foregoing duties, and with appropriate training may perform additional specified acts which are authorized by the Board of Practical Nurse Examiners when directed to do so by the licensed physician, optometrist, or dentist acting individually or in his capacity as a member of the medical staff, or registered nurse. (Emphasis added.)
This office observed in Atty. Gen. Op. 85-397, "The nurses which possess either the R.N. or L.P.N. degree cannot render medical diagnosis or medical prescription. Both types of nurses are subordinate to the physician's directions and instructions."
Subsequently, in Atty. Gen. Op. 88-165, in response to the question of who may dispense drugs in a hospital, this office observed that in prior opinions, 75-317, 75-666, it had been found that a registered nurse may not compound or dispense prescriptions. It was then further noted that the Louisiana State Board of Pharmacy had recently stated as follows:
 1. Prescription dispensing is the issuance of one or more doses of medication for subsequent administration.
 2. R.S. 37:1204 exempts only practitioners of medicine, dentistry and veterinary science from the Pharmacy Practice Act.
 3. No provision is made for the practitioner to delegate his functions.
 4. The dispensing of medicine may be accomplished only by a licensed pharmacist or a licensed practitioner under the exception clause.
This office then concluded, "Accordingly, it is the opinion of this office that a practitioner of medicine, dentistry or veterinary science may not designate a nurse to dispense, or label medications or maintain prescription files and that pursuant to R.S. 37:1204 A only a practitioner may dispense prescription drugs to a patient or client."
Similar conclusions were reached by this office again in Atty. Gen. Ops. 91-135 and 99-47, and thus, we find a consistent line of opinions of this office that have concluded a practitioner of medicine, dentistry or veterinary science may not designate a nurse to dispense or label medications or maintain prescription files.
This is clearly set forth in R.S. 37:961(2) which dictates that the practice of practical nursing means performance of acts for the maintenance of the health of others including the administration of medications "under the direction of a licensed physician, optometrist, or dentist". It further provides the licensed practical nurse may perform additional specified acts which are authorized by the Board of Practical Nurse Examiners "when directed to do so by the licensed physician".
Our contact with the Department of Social Services confirmed that a licensed practical nurse may dispense medication as prescribed and directed by a physician, but could not dispense medication that they may feel would be beneficial to the individual if not so directed to by a physician which is clearly in accord with the statutory law.
We find the observation in Baullion v. Old American Pottery Co.,801 So.2d 567 (La.App. 2001) significant wherein the court observed that the plaintiff, as a patient, would need continued treatment from a psychiatrist who was "authorized to prescribe medication as opposed to a psychologist who is not authorized to dispense drugs."
This observation is consistent with the statutory law in R.S. 37:1103
which prohibits a licensed mental health counselor from prescribing, dispensing or administering any medication, and R.S. 37:2703 which prohibits dispensing of any medication by a social worker.
Additionally, we note that R.S. 40:978 provides that no controlled dangerous substance which is a prescribed drug may be dispensed without a written prescription of a practitioner although it allows a practitioner to delegate the authority to administer controlled dangerous substances in schedule V to a person authorized by such practitioner.
Based upon opinions of this office and the statutory law, we would conclude that a practical nurse cannot dispense medication for subsequent administration, although we do not find this to prohibit the dispensing of the dosage in the amount as prescribed by a physician and obtained by his prescription for that particular patient and that particular time.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
CCF/bbr